**AVERY PRODUCTS CORPORATION, Plaintiff-Appellant and Cross-Appellee,**

v.

**MORGAN ADHESIVES COMPANY, Defendant-Appellee and Cross-Appellant.**

Nos. 73–1699, 73–1700.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 10, 1973.

Decided April 30, 1974.

Charles B. Gordon, Cleveland, Ohio, for plaintiff-appellant; McNenny, Farrington, Pearne & Gordon, Cleveland, Ohio, on brief; Harry C. Donkers, San Marino, Cal., for Avery Products Corp.

Frederic M. Bosworth, Cleveland, Ohio, for defendant-appellee; Bosworth, Sessions & McCoy, Cleveland, Ohio, on brief; William S. Burton, Arter & Hadden, Cleveland, Ohio, for Morgan Adhesives Co.

Before WEICK and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

WEICK, Circuit Judge.

Avery Products Corporation (Avery) appeals from a summary judgment of the District Court dismissing its complaint against Morgan Adhesives Company (Morgan), alleging infringement of its Engelbach U.S. Patent 3,343,978 covering an improvement in adhesive transfers. Morgan cross-appeals from an order of the District Court dismissing its three counterclaims.

Avery and Morgan are competitors, each engaged in the manufacture of various adhesive products. Avery is the assignee of the patent which was granted to Thomas J. Engelbach by the Patent Office on September 26, 1967, and which had been applied for on January 9, 1964 as a continuation-in-part of an earlier application filed on March 29, 1961.

The claims of the Engelbach patent are set forth in the footnote.[1]

1. What is claimed is:

1. An adhesive structure comprising a flexible substrate layer, a non-tacky layer, a pressure-sensitive adhesive having a first side in adhering contact with said substrate layer and a second side opposite said first side in adhering contact with said non-tacky layer, said non-tacky layer being convertible to a layer having a tacky adhesive surface on its side opposite said pressure-sensitive adhesive, the adhesion at one of said surfaces of said pressure-sensitive adhesive between said pressure-sensitive adhesive and the adjacent one of said layers being less than the adhesion at the other of said surfaces of said pressure-sensitive adhesive between said pressure-sensitive adhesive and the other one of said layers, said pressure-sensitive adhesive separating along said one surface thereof from the adjacent layer and remaining with said other adjacent layer when said layers are pulled apart.

2. An adhesive structure as set forth in claim 1 wherein said non-tacky layer is a

Avery's original complaint charged Morgan with infringement of claims 1 through 7 of the patent, but a later statutory disclaimer of claims 1 through 5, and 7, left only an alleged infringement of claim 6.

Morgan filed three counterclaims against Avery, seeking a declaratory judgment of invalidity of the patent, and of noninfringement, and alleged that Avery had violated Section 2 of the Sherman Act by monopolistic practices. 15 U.S.C. § 2.

After extended discovery over a period of more than four years, which included interrogatories, requests for admissions, and numerous depositions and affidavits, Morgan moved for summary judgment on the issue of invalidity, which motion was considered by the Court on the briefs and the record. The grounds of invalidity alleged by Morgan were that Engelbach was anticipated by U.S. Patent 3,041,682 issued to Sterling Alderfer of Akron, Ohio, which was applied for on May 21, 1957 and issued on July 3, 1962. 35 U.S.C. § 102(e).

Second, Morgan further alleged that public sales or uses of structures embracing the patent claims were made by Avery to Alderfer and to Vitronic, Inc., more than one year prior to the date of the application for the Engelbach patent, making it invalid under 35 U.S.C. § 102(b).

Third, Morgan alleged that any differences between the prior art and the invention described in claim 6 would have been obvious at the time it was applied for, and thus the patent would have been invalid under 35 U.S.C. § 103.

■ While the motion for summary judgment was under consideration the District Court, sua sponte, appointed a patent attorney as Special Master "to complete the Judge's findings of fact and conclusions of law for the purpose of ruling on defendant's motion for summary judgment." The stated reason for the appointment was the complexity of the case and the hospital confinement of the District Judge.[2]

The District Court handed down an opinion and order in which it held that the Engelbach patent was invalid. It dismissed the plaintiff's complaint and also dismissed all three counterclaims of defendant, although the counterclaims were not involved in the motion for summary judgment.

The District Court was of the opinion that the Engelbach patent was anticipat-

---

heat activated layer which is convertible to supply said tacky adhesive surface by the application of a solvent.

3. An adhesive structure as set forth in claim 1 wherein said non-tacky layer is a solvent activated layer which is convertible to provide said tacky adhesive surface by the application of a solvent.

4. An adhesive structure as set forth in claim 1 wherein said non-tacky layer after being converted to provide a tacky surface is adapted to adhere to a surface of a body with an adherence sufficiently great to retain said non-tacky layer with said surface of said body when said substrate is pulled away from said body.

5. An adhesive structure as set forth in claim 1 wherein the adherence between the surface of said pressure sensitive adhesive and said substrate is less than the adherence between the surface of said pressure sensitive adhesive and said non-tacky layer.

6. An adhesive structure as set forth in claim 5 wherein said non-tacky layer is a heat activated layer which is convertible to provide said tacky adhesive surface by the application of heat.

7. An adhesive structure as set forth in claim 5 wherein said non-tacky layer is a solvent activated layer which is convertible to provide said tacky adhesive surface by the application of a solvent.

2. It is interesting to note that while one of the assigned reasons for the appointment of the Special Master was the complexity of the case, the District Judge in his later opinion stated:

In the instant case, the device in question is a relatively simple one, easily understood by a normally intelligent person without extrinsic expert evidence.

The parties have raised no issue about the propriety of the appointment of the Special Master which is usually reserved for complicated accounting problems. The failure to make a timely objection to the appointment of a Master constitutes a waiver. First Iowa Hydro Elec. Coop. v. Iowa-Illinois Gas & Elec. Co., 245 F.2d 613 (8th Cir. 1957).

ed by the prior U.S. Patent 3,041,682 issued to Sterling Alderfer. The Alderfer patent had not been considered by the Patent Office when the Engelbach application was before it. The District Court was of the view that Alderfer was more pertinent than the prior art which the Patent Office did consider.

The District Judge further found that there had been a commercial sale and uses of the structure disclosed in claim 6 of Engelbach more than a year prior to the filing of the application for the patent, and that the patent was therefore invalid under 35 U.S.C. § 102(b).

On appeal, the principal issue raised by Avery was that there were genuine issues of material facts and that the District Court erred in granting Morgan's motion for summary judgment. Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425 (6th Cir. 1962). We disagree.

We have alluded heretofore to the extensive discovery which involved written interrogatories and written answers thereto, the requests for admissions and the answers, the patent in suit and the prior art patents, the depositions and exhibits. In addition, the parties made a joint response to a questionnaire submitted by the Court, entitled, "What Facts in the Matter are Not Actually in Dispute?" In the joint response it was agreed that Avery's Division, Fasson Products, had made and sold, prior to March 29, 1960, structures containing nontacky layers of vinyl film, and a pressure sensitive adhesive having one side in adhering contact with the release coating and the second side in adhering contact with the vinyl. Also, it had made and sold other similar structures where the nontacky layer was either cellophane, polyethylene, cellulose acetate, or cellophane and polyethylene, instead of vinyl.

The District Court was careful to base its decision on uncontroverted or admitted material facts and we find no error in the disposition of this case by summary judgment. Rule 56, Fed.R.Civ.P.; Bobertz v. General Motors Corp., 228 F.

2d 94 (6th Cir. 1955), cert. denied, 352 U.S. 824, 77 S.Ct. 32, 1 L.Ed.2d 47 (1956). See also Ashcroft v. Paper Mate Mfg. Co., 434 F.2d 910 (9th Cir. 1970).

The Engelbach patent is on a "structure" and not on a method or process. Claim 6, which is the only claim in issue, states:

> An adhesive structure as set forth in claim 5 wherein said nontacky layer is a heat activated layer which is convertible to provide said tacky adhesive surface by the application of heat.

Both parties refer to the patented structure as a "sandwich" with a pressure sensitive adhesive in the middle, which is protected by a removable piece of paper on one side called "substrate", not firmly adhered thereto, and a layer of nontacky film on the face or opposite side. The nontacky layer is made tacky on its exposed surface by use of heat, so that it can be adhered firmly to another object. The removal of the paper or substrate permits the pressure adhesive surface to be stuck to something else. Usually the structure is in the form of tapes or sheets. Avery claims novelty in the combination of two different sheeted adhesives in a true adhesive transfer. (Reply Brief, p. 8).

The prior art Alderfer patent, claimed to have anticipated Engelbach, disclosed sealing strips made as weatherstripping material for doors and windows. The adhesive attachment of the weatherstripping to doors and windows was made by a conventional vinyl film tape about ⅜ of an inch wide. The face of the tape was coated with vinyl film which was a nontacky layer. The opposite side of the vinyl film was coated with pressure sensitive adhesive to which was adhered a protective layer of paper or substrate which could be peeled off when the tape was applied for adhesion to a window frame or door. The vinyl film could be made tacky by applying heat so that the tape could be adhered to the weatherstripping material. In our opinion the

**258**

District Court was correct in ruling that Engelbach was anticipated by Alderfer.

Alderfer initially used only vinyl and the pressure sensitive adhesive. Later Alderfer used vinyl and solvent. Engelbach also teaches the use of solvents.

Not only do we have a situation where Engelbach was clearly anticipated by Alderfer, but the fact is that the Fasson Division of Avery sold tapes with vinyl film to Alderfer more than one year prior to the filing of the Engelbach patent. It also sold such tapes to Vitronic, Inc. for attachment to its calendars and other novelties.

 Avery asserts more uses for its invention than Alderfer did but such assertion, even if true, does not constitute invention.

Avery argues that vinyl is not a true adhesive; that vinyl can be adhered only to other vinyl, which is accomplished by the application of sufficient heat so that the vinyl melts and becomes welded to other vinyl. The District Court did not define the word "adhesive"; neither do we, as it is not necessary for our determination of the case.

The evidence was clear that the vinyl tapes purchased by Alderfer from Avery prior to the patent in suit were adhered to millions of feet of weatherstripping, and that the tapes purchased by Vitronic, Inc. from Avery were adhered to many thousands of its calendars and novelties.

Avery claims that it gets better adhesion with its structure than Alderfer does; just how it does so is not clear. Avery has no patent on any process. The other materials which it uses were also used and sold prior to its patent application. We think that any improvement which it made was obvious to one skilled in the art. Engelbach's alleged improvement of *one* part of an old combination confers no right to claim *that* improvement in combination with *other* old parts which perform no new function in the combination. Lincoln Eng'r Co. v. Stewart-Warner Corp., 303

U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008 (1938).

In sum, we agree with the District Court that the patent in suit was anticipated by Alderfer; that public sales or uses of the Engelbach adhesive structure were made by Avery more than a year prior to its patent application; and that any improvement which it made was obvious.

The judgment of invalidity is therefore affirmed. With respect to the cross-appeal taken by Morgan for protective purposes from the order dismissing its counterclaims, it is ordered that the cross-appeal be dismissed.