**Arthur W. ANDERSON; Jerry Hollingsworth, Plaintiffs–Appellees Cross–Appellants,**

v.

**Edwin S. ROBERSON, General Partner; Conwood Company, a Limited Partnership through General Partner, John S. Wilson; David J. Cocke, Defendants–Appellants Cross–Appellees.**

No. 02–5204.

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2004.

Warner Hodges, III, Hodges Law Firm, Germantown, TN, Arthur W. Anderson, pro se, Memphis, TN, Jerry Hollingsworth, pro se, Memphis, TN, for Plaintiffs–Appellees Cross–Appellants.

Robert M. Faragarson, Neely, Green, Faragarson, Brooke & Summers, Memphis, TN, Alfred H. Knight, Willis & Knight, Nashville, TN, Leo M. Bearman, Jr., Baker, Donelson, Bearman & Caldwell, Memphis, TN, Timothy A. Ryan, Lucas, Thompson, Ryan & Sossaman, Memphis, TN, Richard Glassman, Glassman, Jeter, Edwards & Wade, Memphis, TN, for Defendants–Appellants Cross–Appellees.

Before DAUGHTREY and COLE, Circuit Judges; and POLSTER, District Judge.*

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

Edwin S. Roberson and Conwood Company protectively cross-appeal from a district court order denying Arthur W. Anderson's and Jerry Hollingsworth's ("plaintiffs" ') post-judgment motion to reconsider a final order in a civil action brought by the plaintiffs pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681u. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 21, 1994, the plaintiffs filed a complaint against Edwin S. Roberson, John S. Wilson, Conwood Company, and H. Stephen Brown, alleging that the defendants violated various provisions of the FCRA. The plaintiffs subsequently filed a motion to amend their complaint to add James W. Rayner and David J. Cocke as defendants, which the district court granted as to Rayner but denied as to Cocke. Following a judgment as a matter of law in favor of Rayner, a directed verdict in favor of Brown, and a jury verdict in favor of the plaintiffs against Roberson and Conwood ("defendants"), the defendants filed a motion for judgment as a matter of law or for a new trial or remittitur. On February 1, 1999, and March 1, 1999, the district court granted the defendants' motion in part and remitted the jury's compensatory damage award and vacated the jury's punitive damage award. The district court also awarded the parties a new trial "if the remittitur of the judgment is refused by the Plaintiffs."

On August 15, 2001, the district court declared the remittitur accepted by the plaintiffs and entered final judgment in the

case. On November 30, 2001, the plaintiffs filed a motion for reconsideration of the district court's August 15, 2001, order and a notice of appeal, which was docketed in this court as case number 01–6605. The defendants filed a protective cross-appeal on December 13, 2001, which was docketed as case number 02–5202. The district court denied the plaintiffs' motion for reconsideration on December 17, 2001, and the plaintiffs filed a second notice of appeal on December 21, 2001, which was docketed in this court as case number 02–5203. The defendants filed a second protective cross-appeal on December 31, 2001, which was docketed as case number 02–5204.

In an order filed on March 26, 2002, this court dismissed case numbers 01–6605 and 02–5202 for lack of appellate jurisdiction because the plaintiffs' notice of appeal from the district court's August 15, 2001, order was untimely. This court allowed the remaining two cases to proceed, construing the plaintiffs' November 30, 2001, motion for reconsideration as a Fed. R.Civ.P. 60(b) motion and concluding that "this court's jurisdiction is limited to review of the district court's December 17, 2001, order denying reconsideration." On April 22, 2003, this court entered another order dismissing the plaintiffs' appeal in case number 02–5203 for want of prosecution. Thus, the defendants' protective cross-appeal in case number 02–5204 is the only appeal that remains pending before this court.

"In a protective cross-appeal, a party who is generally pleased with the judgment and would have otherwise declined to appeal, will cross-appeal to insure that any errors against his interests are reviewed so that if the main appeal results in modification of the judgment his grievances will be determined as well." *Hartman v. Duf-*fey, 19 F.3d 1459, 1465 (D.C.Cir.1994). A protective cross-appeal differs from a cross-appeal because the protective cross-appellant is not necessarily "dissatisfied with the judgment." *Id.* Appellate courts generally allow protective cross-appeals but do not consider them unless it is appropriate to do so after disposition of the appeal. *Id.* at 1465–66.

Upon review, we conclude that we need not address the defendants' protective cross-appeal because the plaintiffs' appeal has been dismissed. The defendants' protective cross-appeal was dependent upon the plaintiffs' appeal such that the dismissal of the plaintiffs' appeal warrants dismissal of the defendants' cross-appeal. *See Abrams v. Lightolier Inc.,* 50 F.3d 1204, 1211, 1213 (3d Cir.1995); *Moore v. Subaru of America,* 891 F.2d 1445, 1453 (10th Cir.1989); *see also Avery Prods. Corp. v. Morgan Adhesives Co.,* 496 F.2d 254, 258 (6th Cir.1974). Indeed, Conwood agrees with this result, as footnote six of its appellate brief states that "[b]ecause this Court has dismissed Anderson's and Hollingsworth's direct appeal, Conwood wishes to abandon its cross-appeal."

Accordingly, the defendants' protective cross-appeal is dismissed in light of the dismissal of the plaintiffs' appeal. Rule 34(j)(2)(C), Rules of the Sixth Circuit.