**Donald and Ronald HILL, Plaintiffs-Appellants,**

v.

**The DURIRON COMPANY, INC., Defendant-Appellee.**

No. 79–3635.

United States Court of Appeals, Sixth Circuit.

Argued March 30, 1981.

Decided Aug. 12, 1981.

---

Alexander M. Spater, Columbus, Ohio, for plaintiffs-appellants.

Robert J. Brown, Smith & Schnacke, Dayton, Ohio, for defendant-appellee.

Before EDWARDS, Chief Judge, and LIVELY and JONES, Circuit Judges.

LIVELY, Circuit Judge.

This is an action seeking reinstatement and back pay for the alleged discriminatory discharge from employment of the two plaintiffs who are black. The action was brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. After the defendant had answered and a preliminary pretrial order had been entered the district court entered the following order:

This matter is before the Court for a determination of appropriate reference to the United States Magistrate.

The matter for reference involves the necessity to conduct hearings, including evidentiary hearings, and the submission of proposed findings of fact and recommendations for disposition.

In accordance with 28 U.S.C. § 636(b)(1)B this matter is hereby referred to Robert A. Steinberg, United States Magistrate.

Some six weeks later the district court entered a second order of reference as follows:

ORDER OF REFERENCE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and § 1.5(1) of General Order IX of this Court, Robert A. Steinberg, United States Magistrate, is hereby appointed as Special Master in this action.

The United States Magistrate is directed to hold hearings, receive evidence and report to the Court his recommended decision in this action. In the performance of this function, the United States Magistrate shall have all powers set forth in Rule 53(c) of the Federal Rules of Civil Procedure.

A transcript of the proceedings and of the evidence and the original exhibits need not be filed with the Magistrate's report.

The citations of 28 U.S.C. § 636 in the orders refer to the 1976 amendments to the Federal Magistrates Act (the Act), Pub.L. 94–577.[1]

---

1. Section 636(b) (1976) is involved in this case: 28 U.S.C. § 636(b)(1) Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate to conduct hearings, including eviden-

Shortly after the second order of reference was entered the defendant made a motion for partial summary judgment, contending that the plaintiffs had failed to comply with jurisdictional prerequisites for a suit based on Title VII of the 1964 Act. After receiving memoranda in support of and in opposition to this motion, Magistrate Steinberg filed a report and recommendation containing findings of fact and conclusions of law. The magistrate concluded that the court lacked jurisdiction to hear the Title VII action of Ronald Hill because it was filed out of time. The magistrate recommended that partial summary judgment be granted the defendant with respect to the Title VII claim of Ronald Hill and that it be denied with respect to that claim of Donald Hill. The district judge to whom the case was assigned and who had made the reference to the magistrate then entered an order adopting the report and recommendation of the magistrate in full, noting that no objections had been filed thereto.

After entering a final pretrial order, the magistrate permitted the plaintiffs to amend their complaint to set forth a claim that their discharge had constituted an act of retaliation based on race against the plaintiff Ronald Hill. A full hearing on the merits was then held before the magistrate. At no time in the one year between the first order of reference to Magistrate Steinberg and the trial or during the three and

one-half months between the trial and the filing of the magistrate's report and recommended decision did the plaintiffs object in any manner to the orders of reference or the proceedings before the magistrate.

The report and recommendation of the magistrate, filed on May 10, 1979, contained 24 findings of fact, six conclusions of law and a recommendation that judgment be entered in favor of the defendant. The plaintiffs filed a motion to review the magistrate's findings. The motion contained objections to the report and a request that plaintiffs be given leave to file supplemental objections after they received a transcript of the hearing. This motion was filed ten days after notice of the filing of the magistrate's report as required by that notice. In their motion and supporting memorandum the plaintiffs contested the jurisdiction of the magistrate, contending that 28 U.S.C. § 636(b)(1)(B) under which the first order of reference was made does not permit references to a magistrate for the purpose of trial. They also contended that the second order of reference was invalid as an attempt to delegate "judicial decision making." Further, the plaintiffs argued that the district court was required to make a de novo determination with respect to their claim that the reasons given by the defendant for discharging them were pretextual. In a separate motion the plaintiffs stated that their objections to the magistrate's report and recommended deci-

tiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

(2) A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

(3) A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

(4) Each district court shall establish rules pursuant to which the magistrates shall discharge their duties.

sion were based on the fact that he had ignored substantial parts of the record in dealing with the question of whether the plaintiffs were treated differently from white employees. The plaintiffs asserted that review of the magistrate's report by the district court would be impossible without a transcript of the hearing.

On June 13, 1978 the district court entered the following final order:

This matter is before the Court pursuant to reference to the United States Magistrate as a special master pursuant to 28 U.S.C. § 636(b)(2), Rule 53 of the Federal Rules of Civil Procedure, and § 1.5(1) of Western Division Rule No. 1 in the United States District Court for the Southern District of Ohio. Pursuant to such reference the Magistrate held hearings at which evidence and testimony were presented and filed with this Court Findings of Fact and Recommendations for Disposition.

Rule 53(e)(2) contains the following: In an action to be tried without a jury, the court shall accept the master's findings of fact unless clearly erroneous.

The term "clearly erroneous" has been defined by the Supreme Court of the United States in *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948) as follows:

A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

After a review of the comprehensive findings of the Magistrate, after review of the pleadings in this matter, and after hearing in open court, this Court does determine that the Findings of Fact are not clearly erroneous, and are hereby accepted.

Pursuant to the Recommendations of the Master, judgment is hereby entered in favor of the defendant.

The record does not contain a transcript of the hearing before the district court referred to in this order.

On appeal the plaintiffs contend that the reference to the magistrate was improper and therefore "null and void." The two orders of reference and the statement concerning reference in the final order of the district court are not consistent. The first order of reference stated that it was made pursuant to 28 U.S.C. § 636(b)(1)(B) "to conduct hearings, including evidentiary hearings, and [for] the submission of proposed findings of fact and recommendations for disposition." Section 636(b)(1)(A) permits referral to a magistrate to hear and determine pretrial matters. Section 636(b)(1)(B) permits referral to a magistrate to conduct hearings and to submit to the court proposed findings of fact and recommendations for the disposition of certain dispositive motions, applications for post trial relief in criminal cases and prisoner petitions challenging conditions of confinement. There is no provision in § 636(b)(1) for referring a case to a magistrate for trial on the merits. Thus the reference was improper since the purpose of the referral was a trial and the provision of the Magistrates Act relied upon by the court does not permit a reference for this purpose.

The second order of reference again erroneously referred to § 636(b)(1)(B) in appointing the magistrate a special master in the action. Section 636(b)(2) is the provision which authorizes the designation of a magistrate to serve as a special master. However, in this order the district court also cited § 1.5(1) of its local General Order IX, which provides:

1.5 SPECIAL MASTER REFERENCES AND TRIALS BY CONSENT

(1) A magistrate may serve as a special master subject to the procedures and limitations of 28 U.S.C. § 636(b)(2) and rule 53 of the Federal Rules of Civil Procedure.

In the final order accepting the recommendations of the magistrate the district court corrected its erroneous citation of § 636(b)(1)(B) and stated that the reference to the magistrate as a special master was made pursuant to § 636(b)(2), the provision which does authorize such a reference and designation.

■ Considering the three orders together we believe the intention of the district court was to refer the case to the magistrate, as a special master, for the purpose of conducting a trial, making findings and submitting a proposed disposition of the case to the district court. This intent should have been apparent to the parties after entry of the second order of reference despite the erroneous citation of § 636(b)(1)(B). There was no showing of an exceptional condition as required by Rule 53(b), Fed.R.Civ.P.,[2] for reference of a non-jury case to a special master. This requirement may be disregarded when a magistrate is designated pursuant to § 636(b)(2) to serve as a special master "upon consent of the parties." In this case the district court neither sought nor obtained the explicit consent of the parties.

The plaintiffs argue that since there was no finding of an exceptional condition and the parties did not consent, the attempt to designate the magistrate to serve as special master in this case was a nullity. The defendant contends that the plaintiffs waived the consent requirement of § 636(b)(2) by failing to object and acquiescing in the activities of the magistrate for 16 months.

■ Ordinarily a party who objects to a reference to a magistrate must make his objections known either at the time of reference or soon thereafter. *Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352, 354 (5th Cir. 1980); *Cruz v. Hauck*, 515 F.2d 322, 326, 330 (5th Cir. 1975), *cert. denied*, 424 U.S. 917, 96 S.Ct. 1118, 47 L.Ed.2d 322 (1976); *Avery Products Corp. v. Morgan Adhesives Co.*, 496 F.2d 254, 256 n.2 (6th Cir. 1974). *Cf. United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). To permit such objections after the magistrate makes his findings and recommendations would certainly not serve the cause of judicial economy. Parties who did not prevail before the magistrate would routinely seek to have the reference set aside for reasons that either could have been corrected or would have stopped the proceedings if promptly brought to the referring court's attention.

The waiver question in the present case is complicated by the fact that a different standard of review is required following referrals under § 636(b)(1)(B) than under § 636(b)(2). The findings of fact of a special master must be accepted by the district court unless they are clearly erroneous. Rule 53(e)(2), Fed.R.Civ.P. On the other hand, where a magistrate appointed pursuant to § 636(b)(1)(B) files proposed findings and recommendations and a party files timely objections thereto, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Section 636(b)(1)(C).

■ This court dealt with the 1976 amendments to the Act in *Banks v. United States*, 614 F.2d 95 (6th Cir. 1980). In the course of concluding that a magistrate may not conduct final probation revocation hearings the court held that a referral to a magistrate under § 636(b)(1)(B) with directions to conduct evidentiary hearings and to submit findings and recommendations for disposition carries with it the right to a de novo review by the district judge. *Id.* at 96. The court found that Congress had expressly limited the matters which may be referred to magistrates and had varied the standard of district court review. *Id.* at 97. In referring matters to magistrates the district courts are bound by the limitations which Congress has placed on this practice. The legislative history of the 1976 amendments makes it clear that the primary purpose of expanding the role of magistrates was to free district judges from the necessity of dealing personally with every pretrial issue which might arise in a given case. See statement from H.R.No. 94–1609 quoted in note 6 to the *Banks* opinion. 614 F.2d at 97. The amendments ap-

---

**2.** Rule 53

    **(b) Reference.** A reference to a master shall be the exception and not the rule. In actions to be tried by jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it.

pear to contemplate that the purpose of most referrals will be to enable a magistrate to assist a judge by passing on procedural matters which arise during the preliminary phases of an action. However, where there is a reference of a dispositive pretrial matter to a magistrate, the Act requires de novo determination of matters objected to by one of the parties. 28 U.S.C. § 636(b)(1)(B) and (C).

■ The defendant also argues that the reference in the present case was valid under § 636(b)(3) which permits assignment to magistrates of "such additional duties as are not inconsistent with the Constitution and laws of the United States." Again, relying on legislative history of the 1976 amendments, this court has construed § 636(b)(3), absent consent, as applying only to procedural and administrative matters. *Banks, supra*, 614 F.2d at 97. See also *Hill v. Jenkins*, 603 F.2d 1256, 1260 (7th Cir. 1979) (Swygert, J., concurring). The Fifth Circuit has held that if § 636(b)(3) may be read to authorize referral of dispositive matters to a magistrate such reference "carries with it a requirement of 'de novo determination' by the district judge of the portions of the magistrate's findings to which a party objects." *Calderon, supra*, 630 F.2d at 355.

■ The confusion engendered by the inconsistencies in the orders of the district court has created a dilemma for this court. Even when attempting to correct its earlier order and designate the magistrate to serve as a special master, the district court continued to cite § 636(b)(1)(B) which clearly requires de novo review of all findings and recommendations to which there are objections. There has been a complete trial before the magistrate and he has filed a detailed report with findings and recommendations. We conclude that these steps were taken with consent of the parties, manifested by their failure to object to either order of reference or to any proceedings before the magistrate until after his report was filed with the district court. What we cannot infer, under the facts of this case, is a knowing waiver of the right to de novo review of a referral pursuant to § 636(b)(1)(B), twice cited by the district

court. See *Muhich v. Allen*, 603 F.2d 1247, 1252 (7th Cir. 1979); *Calderon, supra*, 630 F.2d at 355–56.

■ For the purpose of determining the standard of review then, we treat the reference in the present case as one to hear and recommend a decision on a dispositive motion. The legislative history makes clear that when such motions are referred to a magistrate a de novo determination by the judge is required:

(2) The second amendment emphasizes and clarifies when a de novo determination must be made by the judge. The Committee believed that the S. 1283 was not clear with regard to the type of review afforded a party who takes exceptions to a magistrate's findings and recommendations in dispositive and posttrial matters. The amendment to subparagraph (b)(1)(C) is intended to clarify the intent of Congress with regard to the review of the magistrate's recommendations; it does not affect the substance of the bill. The amendment states expressly what the Senate implied: i. e. that the district judge in making the ultimate determination of the matter, would have to give fresh consideration to those issues to which specific objection has been made by a party.

The use of the words "de novo determination" is not intended to require the judge to actually conduct a new hearing on contested issues. Normally, the judge, on application, will consider the record which has been developed before the magistrate and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate. In some specific instances, however, it may be necessary for the judge to modify or reject the findings of the magistrate, to take additional evidence, recall witnesses, or recommit the matter to the magistrate for further proceedings.

H.R.No. 94–1609, *reprinted* in 1976 U.S. Code Cong. & Admin.News, pp. 6162, 6163.

We have not dealt with the defendant's contention that the referral in the present case was made pursuant to a provision of

Title VII which appears to permit referrals without consent of the parties. 42 U.S.C. § 2000e–5(f)(5).[3] This provision was not referred to in either order of reference. Indeed, the second order was entered 100 days after the defendant filed its answer and the court had already set a tentative trial date. Since 120 days had not elapsed after issue was joined without the case being scheduled for trial, the case does not appear to fit the prescription for referral of a Title VII case. Title VII cases are not to be referred indiscriminately for trial before masters. These important cases are to be heard by a judge except where there is a determination on the record that conditions set forth in § 2000e–5(f)(5) have not been met. *Cf. Flowers v. Crouch-Walker Corp.*, 507 F.2d 1378, 1380 (7th Cir. 1974).

In the present case it is difficult to discern how any meaningful review, much less a de novo determination, could have been made by the district court. The transcript of hearings before the magistrate had not been filed when the district court issued its order. Objections based on the magistrate's treatment of the evidence could not be properly reviewed even under the clearly erroneous standard without a review of the record. The court must review at least those portions of the transcript of evidence which are relevant to the particular findings that are under attack. *United States v. Certain Lands in City of Statesboro*, 341 F.2d 742, 744–45 (5th Cir. 1965).

In their objections to the magistrate's report the plaintiffs indicated that they had been unable to order a transcript and stated that the transcript would be indispensable to support their contention that the magistrate ignored evidence which showed the plaintiffs were treated differently from white employees and that the reasons given by the defendant for their discharges were pretextual. The plaintiffs attached to their objections a copy of their brief before the magistrate "which sets forth in detail facts relating to pretext, which the Magistrate never considered in his report." On the same day the plaintiffs filed a motion requesting permission to file supplemental objections to the report of the magistrate after the record of the trial was transcribed. The plaintiffs pointed out in their motion that their objections were based on the claim that the magistrate ignored substantial parts of the record dealing with the question of whether the reasons given for the firings were pretextual. They also contended that de novo consideration would be impossible without a transcript.

The district court did not rule on this motion or refer to the transcript in any way in its order adopting the magistrate's findings and recommendations. The defendant asserts that it was proper for the district court to rule without a transcript since it was the responsibility of the plaintiffs to have the transcript prepared. However, only 34 days elapsed between the filing of the magistrate's report and the district court's ruling and the plaintiffs filed timely motions with respect to the necessity for a transcript which were never ruled upon. The transcript has been filed in this court and it contains nearly one thousand pages. We are compelled to find that the case did not receive the judicial attention which Article III of the Constitution requires. Neither the Magistrates Act nor Rule 53 permits the adoption of a magistrate's findings and recommendations based solely upon a review of the findings themselves and the pleadings when a party has specifically objected to the magistrate's treatment of the evidence produced at the hearing. A review of at least portions of the transcript was essential to rule on these objections.

The judgment of the district court is vacated and the cause is remanded for de novo review by the district judge. This will include review of those portions of the transcript covered in the previously filed objections of the plaintiffs and in any supplemental objections which may be filed fol-

---

**3.** (5) It shall be the duty of the judge designated pursuant to this subsection to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited. If such judge has not scheduled the case for trial within one hundred and twenty days after issue has been joined, that judge may appoint a master pursuant to rule 53 of the Federal Rules of Civil Procedure.

lowing remand. This court does not reach the merits of the plaintiffs' claims.