791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,
laintiff-Appellee
v.
BOYD SERVICE, INC., a corporation, Defendant-Appellant.
 84-5128
 United States Court of Appeals, Sixth Circuit.
 4/23/86
 
 REVERSED AND REMANDED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 Before: MERRITT and WELLFORD, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 Boyd Service, Inc. appeals the District Court's denial of its application for fees under the Equal Access to Justice Act (the 'EAJA'). 29 U.S.C. Sec. 2412. Because Byod was not afforded an opportunity to put on evidence, as promised, we must reverse.
 
 I.
 
 1
 This case began when Gary Settles, a Boyd employee, filed a health and safety complaint with the Kentucky Department of Labor on June 21, 1976. Settles alleged various health and safety violations at his work place. On July 7, 1976 Kentucky conducted an investigation of Boyd which resulted in the issuance of a number of citations for violations.
 
 
 2
 On July 9 Mr. Thompson, the owner of Boyd Services, held a meeting at the plant and, according to Settles, stated that someone had 'turned the company in.' Settles claims (and, apparently, the company does not dispute) that he was the only employee not present at work on the morning of June 21 and that all Boyd had to do was check his time card to confirm this.
 
 
 3
 On July 29 Settles was discharged by Boyd. On August 2, Settles filed a complaint with Occupational Safety and Health Administration alleging retaliatory discharge and charging that Kentucky had mishandled his complaint. James Gill was assigned to investigate the federal complaint for the Department of Labor.
 
 
 4
 During the course of his investigation Gill took Settles' affidavit wherein he recited the facts set forth above. Gill took Thompson's affidavit as well. Thompson said he told Settles that he appeared to be unhappy with his work and they ought to part ways. Thompson claims he did not fire Settles because of the OSHA complaint. He says Settles was disruptive to the business. Gill also interviewed two Kentucky officials who investigated the State complaints. One of the officials told Gill that Thompson told him 'he had a man fired . . . as a result of the complaint filed that brought about the inspection which produced the citations, and that he almost wound up going after the wrong man.' (Appellee's Brief, at 12) Gill also obtained copies of various other documents and depositions taken in the course of the state investigation. The Kentucky state investigation, according to defendant, resulted in a recommendation not to prosecute Settles' charge. It was not indicated whether the Secretary was aware of this recommendation, or whether it would have made any difference in the Secretary's decision to file suit.
 
 
 5
 The Secretary of the Department of Labor filed suit in the U.S. District Court for the Eastern District of Kentucky on June 14, 1978. The complaint alleged that Settles was unlawfully discharged in violation of Sec. 11(c) of OSHA, 29 U.S.C. Sec. 660(c), prohibiting retaliatory discharge, and sought reinstatement with back pay. Trial was set for November 10, 1982.
 
 
 6
 On July 26, 1982 the Secretary filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2). The Secretary contended dismissal was warranted because it
 
 
 7
 (1) 'expects to encounter problem of proof because of fading recollection of potential witnesses, and plaintiff is informed that one potential witness is now deceased.'
 
 
 8
 (2) learned that 'recent communication with the alleged discriminatee reveal a waning interest on his part in the continued prosecution of this action.'
 
 
 9
 (Appellee's Brief, at 17.) On August 3, 1982 the District Court dismissed the action with prejudice and costs to the Secretary.
 
 
 10
 After the 11(c) action was dismissed Boyd moved for attorney's fees, costs and expenses under 28 U.S.C. Sec. 2412. Boyd's position was that (a) it was a 'prevailing party' within the meaning of the EAJA; and (b) the Secretary's position was not 'substantially justified.'
 
 
 11
 An informal evidentiary hearing was held on March 31, 1983 before Magistrate Joseph Hood. At the hearing the Secretary offered the testimony of Gill and the documents in his investigative file (including documents obtained from Kentucky); testimony of the Director of OSHA's Frankfort Area Office about the relationship between Federal OSHA and Kentucky OSHA; and two files compiled by OSHA concerning the investigation of Kentucky's handling of Settles' complaint.
 
 
 12
 Boyd did not offer any testimony or documents into evidence. The Magistrate stated that he would permit Boyd to present proof on the issue of substantial justification if he found a prima facie case of substantial justification (App. 45-47).
 
 
 13
 On October 10, 1983 Magistrate Hood issued a report denying Boyd's EAJA application. Boyd subsequently objected to the Magistrate's failure to afford it an opportunity to present evidence. However, on November 14, 1983, Judge Wilhoit denied Boyd's objections and adopted the Magistrate's report. Boyd then moved to alter or amend the judgment on the ground that the District Court did not have before it a copy of the transcript of proceedings before the Magistrate and, therefore, did not conduct a de novo review. On January 3, 1984 the District Court denied Boyd's motion to alter or amend.
 
 II.
 
 14
 Boyd raises three issues on appeal. First, Boyd argues that the Magistrate erred in refusing to allow the presentation of Boy's proof after the motion for a directed verdict was denied. Second, Boyd takes the position that OSHA failed to show its position was 'substantially justified' as required by the EAJA.[1] And, third, Boyd contends that the District Court failed to conduct a de novo review of the basis for the Magistrate's determination as required by the Federal Magistrate's Act, 28 U.S.C. Sec. 636.
 
 
 15
 On the question of whether Boyd should have been permitted to introduce its evidence, as promised, the parties agree that at the hearing the Magistrate promised Boyd that if he found the government had made out a prima facie case on the substantial justification issue, Boyd would then be afforded an opportunity to present its evidence in opposition. In other words, the Magistrate appears to have agreed, in effect, to proceed under Rule 50 of the Federal Rules of Civil Procedure as though a motion for directed verdict was made after OSHA presented its evidence. However, the Magistrate failed to allow Boyd to present any evidence.
 
 
 16
 Although it is by no means a hard and fast rule, a Magistrate is generally expected to conduct proceedings in conformity with the Federal Rules of Civil Procedure. Fed. R. Civ. P. Rule 81. We believe that failure to permit Boyd to offer proof, after promising to do so, was error.
 
 
 17
 This Court has considered a district court's obligation to conduct a de novo review of a magistrate's determination in Hill v. Duriron Company, Inc., 656 F.2d 1208 (6th Cir. 1981). We stated:
 
 
 18
 The Committee believed that the S. 1283 was not clear with regard to the type of review afforded a party who takes exceptions to a magistrate's findings and recommentations in dispositive and posttrial matters. The amendment to subparagraph (b)(1)(C) is intended to clarify the intent of Congress with regard to the review of the magistrate's recommendations; it does not affect the substance of the bill. The amendment states expressly what the Senate implied: i.e., that the district judge in making the ultimate determination of the matter, would have to give fresh consideration to those issues to which specific objection has been made by a party.
 
 
 19
 The use of the words 'de novo determination' is not intended to require the judge to actually conduct a new hearing on contested issues. Normally, the judge, on application, will consider the record which has been developed before the magistrate and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate. In some specific instances, however, it may be necessary for the judge to modify or reject the findings of the magistrate, to take additional evidence, recall witnesses, or recommit the matter to the magistrate for further proceedings.
 
 
 20
 H.R. No. 94-1609, reprinted in 1976 U.S. Code Cong. & Admin. News, pp. 6162, 6163.
 
 
 21
 * * *
 
 
 22
 * * *
 
 
 23
 In the present case it is difficult to discern how any meaningful review, much less a de novo determination, could have been made by the district court. The transcript of hearings before the magistrate had not been filed when the district court issued its order. Objections based on the magistrate's treatment of the evidence could not be properly reviewed even under the clearly erroneous standard without a review of the record. The court must review at least those portions of the transcript of evidence which are relevant to the particular findings that are under attack. United States v. Certain Lands in City of Statesboro, 341 F.2d 742, 744-45 (5th Cir. 1965).
 
 
 24
 656 F.2d at 1214-1215.
 
 
 25
 In light of our disposition of this issue, we need not consider the other errors Boyd complains of. The case is therefore reversed and remanded to the District Court in order to give Boyd an opportunity to present its proof to the Magistrate.
 
 
 
 [1]
 The EAJA (28 U.S.C. 2412) states in pertinent part:
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) including proceedings for judicial review of agency action brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 28 U.S.C. 2412(d)(1)(A).