816 F.2d 679
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnnie F. FLOURNOY, Jr., Plaintiff-Appellant,
v.
Richard P. SEITER; Trooper Teets; B.G. Seth; Ronald C.
Marshall; S.T. Dillon; Wayne Chamblis;
Defendants-Appellees.
 No. 86-3389.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1987.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court on this pro se appellant's appeal from the dismissal of his 42 U.S.C. Sec. 1983 action. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In his complaint, appellant alleged that he received death threats from guards and that he was fired from his prison job because he released information about another prisoner's death to the news media and government officials. Appellant further alleged that the Department of Rehabilitation and Corrections' policy which authorizes the use of force by prison guards is unconstitutional. He requested injunctive relief and monetary damages.
 
 
 3
 The case was referred to a Magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B) who recommended that it be dismissed as frivolous. The appellant objected. The district court adopted the Magistrate's recommendation and dismissed the complaint.
 
 
 4
 28 U.S.C. Sec. 636(b)(1) requires a district court to make a de novo determination of those portions of a Magistrate's report or specified findings or recommendations to which objection is made. See Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir. 1985), cert. denied, 107 S.Ct. 116 (1986); United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985) (per curiam); Hill v. Duriron, 656 F.2d 1208, 1214 (6th Cir. 1981). In its order, the district court did not state that it conducted a de novo review. Futhermore, the Court stated in its order that the Magistrate was "...not clearly erroneous as to any question of fact...." Thus, it is clear that the district court failed to conduct a proper de novo review, and the case must be remanded. Tuggle v. Seabold, 806 F.2d 87, 92 (6th Cir. 1986); Hill v. Duriron, 656 F.2d 1208, 1215 (6th Cir. 1981).
 
 
 5
 Therefore, the order of the district court is vacated and the case is remanded pursuant to Rule 9(d)(4), Rules of the Sixth Circuit.