880 F.2d 1322
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Henry WOODEN, also known as Jabari Issa Mandela,
Plaintiff-Appellant,
v.
Tony YOUNG; David Russell; Louie Kirby; McFarland, Lt.;
David Hindman; Lyall Craft; Nancy McGuire;
Maria Butler; William McIntyre;
Chambers, Defendants,
Michael Dutton; Harville McCrary; Rosa Johnson; Robert
Chick, Defendants-Appellees.
 No. 88-6239.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 John Henry Wooden appeals the judgment of the district court dismissing his cause of action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Wooden, a Tennessee prisoner, brought suit against the Assistant Commissioner of Adult Services for the Tennessee Department of Corrections, the Director of Security for Adult Services for the Tennessee Department of Corrections, the Warden of the Tennessee State Penitentiary, several corrections officers, the prison's hospital administrator, two prison nurses, and two teachers at the prison school. Wooden claimed that the defendants violated his fourteenth amendment right to due process in prison disciplinary hearings.
 
 
 3
 The case was referred to a magistrate who recommended that five of the defendants should be dismissed from the action because Wooden's claim was time-barred and that the claim against four of the corrections officers should be dismissed from the action for failure to state a cognizable claim. The district court reviewed the magistrate's report and recommendation in light of Wooden's objections, and adopted it as the opinion of the court.
 
 
 4
 The district court thereafter dismissed Warden Dutton from the action as liability could not be based on respondeat superior and also dismissed plaintiff's claims alleging failure to record adequate evidence or recite reasons for the disciplinary board's decision as being frivolous.
 
 
 5
 The claims that survived dismissal alleged that the three members of the disciplinary board violated Wooden's civil rights in a January 6, 1986 hearing by summarily denying, without giving reasons, plaintiff's prehearing motion to dismiss the charges, and second, that the board improperly denied plaintiff's request to call othere witnesses.
 
 
 6
 Upon review, we find no error with the district court's dismissal of defendants Young, McFarland, Craft, McGuire, Butler, Kirby, Hindman, McIntyre and Chambers. Accordingly, for the reasons set forth in the magistrate's report and recommendation dated February 18, 1987, as adopted by the district court, we hereby affirm the dismissal.
 
 
 7
 Furthermore, we find no error with the district court's dismissal of defendant Dutton for the reasons set forth in the district court's memorandum opinion dated December 30, 1987. Accordingly, we affirm the district court's judgment dismissing defendant Dutton.
 
 
 8
 Insofar as Wooden challenges the magistrate's treatment of evidence produced at the August 11, 1988 hearing, however, we vacate the judgment of the district court and remand the case.
 
 
 9
 The record reflects that the magistrate to whom this case was assigned conducted an evidentiary hearing on August 11, 1988. The magistrate reported that Wooden's surviving claims were frivolous and that the action should be dismissed. No transcript was produced from the August 11, 1988 evidentiary hearing before the magistrate.
 
 
 10
 This court has held that the district court must review at least those portions of the transcript of evidence which are relevant to the particular findings that are under attack. Objections based on the magistrate's treatment of the evidence cannot be properly reviewed without a review of the transcript. Hill v. Duriron, 656 F.2d 1208, 1215 (6th Cir.1981). Therefore, issues based on the magistrate's treatment of the evidence are hereby remanded to the district court for further consideration.
 
 
 11
 Accordingly, the judgment of the district court is affirmed in part, Rule 9(b)(5), Rules of the Sixth Circuit, and vacated and remanded in part, Rule 9(b)(6), Rules of the Sixth Circuit.