884 F.2d 579
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scott JONES, Plaintiff-Appellant,
v.
E.J. GILMORE, Individually and in his Official Capacity,
Glenn Thomas, Individually and in his Official
Capacity, and Mercer County Sheriff's
Department, Defendants-Appellees.
 No. 89-3017.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1989.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 PER CURIAM.
 
 
 1
 The issue presented by this appeal is whether a summary judgment was properly entered in favor of the defendants on the grounds of qualified immunity. As did the district judge, we conclude that summary judgment was proper and affirm.
 
 I.
 
 2
 On the evening of May 17, 1986, James A. Champ, the Chief of Police of Fort Recovery, Ohio, picked up a Husky dog that was running loose and took it to the dog pound. The dog had a collar and license tags. After making a few inquiries, Chief Champ learned that the dog belonged to Angie and Randy Wendel. Before the Wendels could get to the pound and retrieve their dog, it was mistakenly sold by the pound master's wife to plaintiff, Scott Jones.
 
 
 3
 On May 19, Chief Champ, in the company of another officer talked to Jones at his house and explained that there had been an error and that Jones should return the dog and Chief Champ would see if he would get him a small reward.[1] Jones apparently agreed to return the dog, but upon learning the next day that the Wendels refused to pay a reward since they felt Jones knew he had the wrong dog, Jones declined to surrender the dog. Later, Jones apparently had a change of heart and indicated in a telephone conversation he initiated with defendant Sheriff Gilmore, that he would give up the dog. On May 21, Chief Champ, accompanied by a deputy sheriff, returned to the Jones' residence at which point Jones refused to give up the dog, indicating that the dog had torn up his living room carpet, and Jones now demanded $175. When the chief explained that it would not be possible to pay Jones this sum of money, Jones said "no money--no dog."
 
 
 4
 Chief Champ then reported back to Sheriff Gilmore and advised the Wendels he had been unsuccessful in getting their dog back. Sheriff Gilmore then sent defendant, Deputy Glenn Thomas, out with the dog warden's son to retrieve the dog. Jones again refused to surrender the dog without payment of money. Later that same day Jones came into Sheriff Gilmore's office and this matter was further discussed. Jones left saying the dog would not be returned and Sheriff Gilmore indicated criminal charges would be filed if the dog was not returned.
 
 
 5
 On May 23, 1986, Deputy Thomas went to the prosecutor's office and the prosecutor prepared an affidavit charging plaintiff with a violation of O.R.C. Sec. 2913.02A, a fourth-degree theft felony. A Celina, Ohio, municipal judge issued a warrant based upon the affidavit. Jones was arrested on May 24, 1986, and was subsequently released on his personal recognizance. The dog was retrieved this same day. A preliminary hearing was held at which probable cause was found and Jones was bound over to the grand jury. The grand jury returned an indictment and a trial was held on December 19, 1986, at which time a jury found Jones "not guilty."
 
 
 6
 In May of 1987, Jones initiated this suit claiming a violation of 42 U.S.C. Sec. 1983 in that he was deprived of procedural due process. He also joined several pendant state claims.[2] The defendants responded by filing a motion to dismiss, or in the alternative, a motion for summary judgment. The motion was referred to a magistrate who recommended that a summary judgment be granted on the grounds of qualified immunity.[3] The plaintiff filed objections to the magistrate's report and the district judge made a de novo review and then adopted the magistrate's report and recommendation as the decision of the court.
 
 II.
 
 7
 On appeal, plaintiff first argues that the district judge did not conduct a de novo review of the magistrate's report and recommendation. We disagree. The plaintiff does not support this allegation in any way and relies on Hill v. Duriron Co., Inc., 656 F.2d 1208 (6th Cir.1981), in sole support of his argument. In Hill, we stated that "[n]either the Magistrate's Act nor Rule 53 permits the adoption of a magistrate's findings and recommendations based solely upon a review of the findings themselves and the pleadings when a party has specifically objected to the magistrate's treatment of the evidence produced at the hearing." Id. at 1215 (emphasis added). Hill is clearly distinguishable from the case at bar, however. In Hill, the magistrate had been appointed a special master for the purpose of conducting the trial and, indeed had conducted a full trial. Here, all the magistrate did was make a recommendation on a summary judgment motion. No hearing was conducted. We find that Judge Potter conducted an appropriate de novo review.
 
 III.
 
 8
 Plaintiff next argues that this was not an appropriate matter for summary disposition because there were genuine issues of material fact. Plaintiff does not direct the court to any such issues, however. Jones argues that if this had gone to a jury, a jury might determine that he was totally justified in saying "no money, no dog." The problem with this argument is that in a qualified immunity motion, the issue is not what Jones was justified in doing but, rather, the reasonableness of what the officers did. Part of the reason the doctrine of qualified immunity exists is to keep public officers from having to answer for their reasonable actions even if a plaintiff, against whom they acted, was without fault.
 
 IV.
 
 9
 Plaintiff's third issue of appeal concerns the magistrate's ruling on the issue of collateral estoppel. As we stated in footnote 3, supra, we agree with the magistrate but choose not to make this issue our ratio decidendi.
 
 V.
 
 10
 On appeal, plaintiff does not argue the qualified immunity issue. We find this highly unusual since this is the only ground specifically referenced by Judge Potter in his order granting summary judgment.[4] The matter needs little discussion, however. The defendants had personal and direct knowledge of all the facts in this case, had conducted the investigation and talked to Jones numerous times. What Jones did technically violated the applicable provision of the Ohio Revised Code. Section 2913.02 of the Ohio Revised Code provides, in pertinent part:
 
 
 11
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 
 
 12
 (1.) Without the consent of the owner or person authorized to give consent;
 
 
 13
 Further, Section 2913.01 of the Ohio Revised Code provides:
 
 
 14
 (C) "Deprive" means to:
 
 
 15
 (1.) Withhold property of another ... with purpose to restore it only upon payment of a reward or other consideration;
 
 
 16
 Section 2913.02(B) of the Ohio Revised Code provides that if the value of the property is $300 or more, but less than $5,000, a violation of section 2913.02(A) of the Ohio Revised Code is theft, a felony of the fourth degree.[5] Since the officers had probable cause to seek a warrant, they clearly met the reasonable conduct standard of Malley v. Briggs, 475 U.S. 335 (1986), and its progeny.[6]
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 It appears reasonably clear from the record that Jones knew he had a dog different than the one he described to the pound master's wife at the time of purchase
 
 
 [2]
 Jones subsequently filed a motion to file an amended complaint. Although the docket sheet does not reflect this motion was ever granted, Jones did not need the court's permission to file an amended complaint, since no "responsive pleading" had been filed by the defendants. Fed.R.Civ.P. 15. The amended complaint alleged a deprivation of Jones' fourth amendment rights. Without this amendment, the original complaint would have been subject to a dismissal since Jones had an adequate post-deprivation state remedy for his procedural due process violation. Parratt v. Taylor, 451 U.S. 527 (1981); Wilson v. Beebe, 770 F.2d 578 (6th Cir.1985)
 
 
 [3]
 The magistrate also recommended granting the motion on a ground not urged by defendants--collateral estoppel. The magistrate believed the municipal court's finding of probable cause was binding on Jones in his section 1983 civil suit. The magistrate primarily relied upon Allen v. McCurry, 449 U.S. 90 (1980), in reaching this conclusion. In Coogan v. City of Wixom, 820 F.2d 170 (6th Cir.1987), we addressed a similar issue under Michigan law. We concluded that where a preliminary hearing is an adversary proceeding (as it is in Ohio), that a finding of probable cause at the preliminary hearing will collaterally estop a section 1983 plaintiff with a claim sounding in malicious prosecution. In Coogan, as in the instant case, the section 1983 plaintiff [defendant in the criminal proceeding] was never convicted of the charge brought against him. Although we agree with the magistrate's conclusion as to collateral estoppel and find it supported by our later decision in Coogan (a case decided after the magistrate made his recommendations), we choose not to premise our affirmance solely on this ground since it was raised sua sponte by the magistrate and not addressed by plaintiff in the proceedings before the magistrate
 
 
 [4]
 The court did adopt the magistrate's recommendation, however, so at least implicitly the court is agreeing with the magistrate on the collateral estoppel issue
 
 
 [5]
 There is little doubt that if Jones had not been so totally uncooperative, a criminal charge of this nature would probably not have been filed. We agree with Jones also that disputes of this nature are better left to civil resolution. We see a certain element of personal vindictiveness, albeit born of frustration, involved in the decision to press criminal charges. Difficult though it may be at times, public officials, particularly police officials, must develop a thick hide or else find themselves constantly answering to charges of this nature. Even when a lawsuit is resolved on immunity grounds, it is a costly and time consuming procedure
 
 
 [6]
 Neither the magistrate's report nor the district court opinion specifically address plaintiff's pendant state claims. A dismissal of plaintiff's section 1983 claim on the basis of qualified immunity would not in and of itself dispose of these state claims