52 F.3d 324
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Bradley C. BELL, Plaintiff-Appellant,
v.
Peter HULING, D.D.S., Defendant-Appellee.
 No. 94-3618.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1995.
 
 1
 Before: NELSON and BOGGS, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Bradley C. Bell, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983 and unspecified state laws. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Bell sued the Dental Director at the London, Ohio Correctional Institution, alleging that the defendant intentionally denied him prescribed dental service in violation of his Eighth Amendment rights. He also stated that the defendant interfered with a course of prescribed dental treatment. Bell did not specify the capacity in which he sued the defendant. Following a hearing, a magistrate judge filed a report recommending that the district court grant judgment in favor of the defendant as Bell had not established that the defendant was deliberately indifferent to his serious medical needs. Over plaintiff's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint as without merit. Bell has filed a timely appeal, reasserting his same claims. The appellee has submitted a letter indicating that he will not be filing a brief.
 
 
 4
 Upon review, we vacate the district court's judgment granting judgment in favor of the defendant and remand for further proceedings because the district court did not render proper de novo review of the magistrate judge's report. See Flournoy v. Marshall, 842 F.2d 875, 878-79 (6th Cir.1988); Thornton v. Jennings, 819 F.2d 153, 154 (6th Cir.1987) (per curiam); United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985).
 
 
 5
 Bell filed specific objections challenging the magistrate judge's findings. Bell argued that departmental policy does permit crowns and that that defendant Huling later changed his testimony, acknowledging that not all crowns contain precious metal. He also argued that state Policy 306.32 does permit off-site dental services. Further, he challenged the magistrate judge's findings that the defendant's actions did not constitute deliberate indifference to his medical needs as Dr. Huling testified that he had no intention of completing the root canal because he does not feel comfortable performing the procedure. He argued that this statement reflects the defendant's intent to deny plaintiff's requested treatment under any circumstances. Further, Bell argued that due to the number of trips he had made to the dentist, the defendant was aware of the extent of pain he was suffering.
 
 
 6
 The district court thereupon reviewed the magistrate's report and summarized some of it in its order. It then stated that it had thoroughly reviewed Bell's objections and denied them, without further comment. Importantly, no transcript of the magistrate's hearing was ever made.
 
 
 7
 Because Bell's objections were not frivolous, conclusive or general, the district court was required to review the magistrate's report de novo in light of those objections. See Mira v. Marshall, 806 F.2d 636, 637-38 (6th Cir.1986) (per curiam). In addition, whenever the magistrate relies on evidence admitted at a hearing, and that evidence is challenged by a party in its objections to the report, the de novo review must include review of a transcript of that hearing. Hill v. Duriron Co., 656 F.2d 1208, 1214-15 (6th Cir.1981). Because a transcript of the hearing conducted before the magistrate was not prepared in this case, the district court could not have given the report proper de novo review. Id.
 
 
 8
 Accordingly, we hereby vacate the district court's judgment and remand for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation