Edward E. PALMER, Plaintiff,

v.

**HEALTH CARE MANOR CARE, Defendant.**

No. 3:98 CV 7765.

United States District Court,
N.D. Ohio,
Western Division.

March 9, 2000.

Edward E. Palmer, Toledo, OH, plaintiff pro se.

Janis E. Foley, Michael Lee Stokes, Cooper, Walinski & Cramer, Toledo, OH, for Health Care Manor Care, defendant.

## MEMORANDUM OPINION

KATZ, District Judge.

This action is before the Court on Plaintiff's objections to the February 3, 2000 Report and Recommendation of the United States Magistrate. In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir.1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings to which the Plaintiff objects. For the following reasons, the Court finds Plaintiff's objections are not well taken and the same are denied.

### BACKGROUND

Plaintiff, proceeding *pro se,* brings this employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f), the Fourteenth Amendment, 42 U.S.C. §§ 1981 & 1983, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.,* and analogous Ohio state law.

Plaintiff is African–American, and was over forty years of age at all times relevant to this case. In August of 1992, and again in June of 1993, Plaintiff forwarded a cover letter and resume to Defendant, seeking employment as an Administrator in Training ("AIT"). On both occasions, Plaintiff's application was rejected.

Defendant rejected Plaintiff's application because: (1) Plaintiff's resume indicated a sporadic employment history, including periods of unemployment spanning from 1982–1987 and 1988–1993; (2) Plaintiff lacked experience in long-term health care service; and (3) Plaintiff's application contained numerous grammatical and typographical errors that cast doubt on his written and oral communication skills. Defendant was unaware of Plaintiff's race at the time it rejected his applications. After Plaintiff received the second rejection, he informed Defendant that he was African–American. Defendant then rejected Plaintiff's application a third time.

Plaintiff brought suit in Federal District Court in January, 1995, claiming that Defendant had discriminated against him on the basis of his age and race. The Court (Carr, J.) granted summary judgment in Defendant's favor, finding as a matter of law that Plaintiff's sporadic work history and poor communication skills constituted a legitimate, nondiscriminatory reason for rejecting Plaintiff's application. That ruling was affirmed in an unpublished opinion by the Sixth Circuit on March 24, 1997.

On June 21, 1998, Plaintiff again applied for an AIT position with Defendant. By letter dated August 12, 1998, Defendant rejected Plaintiff's application, both for the reasons it had rejected his previous applications, and on the basis of its belief that Plaintiff's submission of the application was merely to provide a basis for filing another lawsuit.

Plaintiff then filed the instant action, challenging Defendant's August 12, 1998 rejection of his job application. He alleges that Defendant discriminated against him on the basis of race and age, and retaliated against him for filing his previous suit in violation of both Title VII and the First Amendment. The case was referred to the United States Magistrate for pretrial supervision and Report and Recommendation.

Defendant has moved to dismiss all of Plaintiff's claims. It argues that Plaintiff is collaterally estopped from raising his discrimination claims on the basis of Judge Carr's previous factual determination that Plaintiff is not qualified for the AIT position. The Magistrate recommended that Defendant's motion be granted. Plaintiff has filed objections to that recommendation, Defendant has responded, and Plaintiff has replied thereto. The Court discusses the parties' contentions below.

### DISCUSSION

*A. Motions to Dismiss*

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b), the function of the Court is to test the legal

sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984), while viewing the complaint in a light most favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). The Court is without authority to dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Westlake, supra*, at 858. *See generally* 2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE, § 12.34[1] (3d ed.1997).

## B. Issue Preclusion

The sole issue the Court must decide on Defendant's motion to dismiss is whether the doctrine of issue preclusion bars Plaintiff from bringing his claim that Defendant improperly rejected his application on the basis of improper discrimination and/or retaliation. If Plaintiff is not qualified for the AIT position, he cannot prevail on any of his claims.

█ The doctrine of issue preclusion prevents relitigation of an issue that has actually and necessarily been determined by a court of competent jurisdiction in litigation involving a party. *Aircraft Braking Sys. Corp. v. Local 856, UAW*, 97 F.3d 155, 161 (6th Cir.1996). In this case, there is no dispute that whether Plaintiff was qualified for the AIT position in 1992 and 1993 was actually and necessarily determined in the 1995 litigation. There is no dispute that the court that adjudicated the 1995 litigation had jurisdiction. There is no dispute that the parties to the 1995 litigation and the parties to the instant litigation are the same.

The parties dispute whether, on the pleadings presently before the Court, a determination that Plaintiff was not quali-

fied for the AIT position in 1992 and 1993 precludes litigation of whether Plaintiff was qualified for the AIT position in 1998. Defendant argues, and the Magistrate found, that the issues were identical for purposes of issue preclusion. Plaintiff objects to that determination. He argues that the five-year gap between his applications compels a finding that the issues are not the same. Plaintiff has not argued that any of the relevant circumstances (including his personal qualifications) have changed in the past five years.

█ One of the most difficult problems in the application of the issue preclusion doctrine is to determine whether litigation is foreclosed by a prior judgment where there is a lack of total identity between the matter presented in the first action and the matter presented in the second. Where the lack of total identity between the issues occurs because the events in suit took place at different times, issue preclusion is appropriate when there is a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first. *Harrington Haley, LLP v. Nutmeg Ins. Co.*, 39 F.Supp.2d 403 (S.D.N.Y. 1999) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. c (1982)). In the absence of a showing of changed circumstances, a prior determination of a party's status forecloses relitigation of that status. See RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. c, illus. 7 (1982).

█ In this case, Judge Carr based his prior determination that Plaintiff was not qualified for the AIT position on the undisputed evidence that (1) Plaintiff's resume indicated a sporadic employment history, including periods of unemployment spanning from 1982–1987 and 1988–1993; and (2) Plaintiff's application contained numerous grammatical and typographical errors. Plaintiff has not argued that either of those circumstances has changed. It would be impossible for Plaintiff to change the first circumstance—his sporadic work

history—without violating the laws of quantum physics by traveling back in time. Nor does Plaintiff argue that the second circumstance—his poor written communications skills—has changed.[1] Furthermore, it is evident from the pleadings that Defendant's third proffered reason for denying Plaintiff's application—lack of experience in long-term health care—has not changed; Plaintiff states in his pleadings that he is presently employed as a schoolteacher. Where Plaintiff has made no showing that the factual circumstances underlying the trial court's prior determination have changed, he is foreclosed from relitigating the issue of whether Defendant has adequately set forth a legitimate, non-discriminatory reason for rejecting Plaintiff's application.

Plaintiff's objection that issue preclusion should not foreclose relitigation of his race discrimination claim lacks merit.

## C. Age Discrimination Claim

Plaintiff has also filed objection to the Magistrate's determination that Judge Carr's determination that Plaintiff was not qualified for the AIT position forecloses his age discrimination claim, since Judge Carr only addressed Plaintiff's race discrimination claim in the prior litigation. That argument lacks merit.

█ In order to establish a prima facie case of age discrimination, a plaintiff must show: (1) that he is a member of the protected class; (2) that he was subjected to adverse employment action; (3) that he was qualified for the position sought; and (4) that a younger employee was hired instead of him. *Siegel v. Alpha Wire Corp.*, 894 F.2d 50, 53 (3d Cir.1990); *Gagne v. Northwestern Nat'l Ins. Co.*, 881 F.2d 309, 313 (6th Cir.1989). In this case, Judge Carr's determination that Plaintiff was not qualified for the AIT position means that Plaintiff cannot, as a matter of law, meet the third prong of that test. Since Plaintiff is foreclosed from relitigating the issue of whether he was qualified

for the AIT position, he cannot prevail on his age discrimination claim.

## D. Retaliation Claim

Finally, Plaintiff has filed objection to the Magistrate's determination that Judge Carr's determination that Plaintiff was not qualified for the AIT position forecloses his retaliation claim. That argument also lacks merit.

█ In order to establish a prima facie case of retaliation under Title VII, a plaintiff must show: (1) that he engaged in an activity protected by Title VII; (2) that the defendant knew of the plaintiff's exercise of his civil rights; (3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action. *Harrison v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 80 F.3d 1107, 1118 (6th Cir.1996); *Christopher v. Stouder Memorial Hosp.*, 936 F.2d 870, 877 (6th Cir.1991). As was the case with Plaintiff's age discrimination claim, Judge Carr's determination that Plaintiff was not qualified for the AIT position means that Plaintiff cannot, as a matter of law, meet the fourth prong of that test; he cannot demonstrate a causal connection between the protected activity and Defendant's refusal to hire him. Since Plaintiff is foreclosed from relitigating the issue of whether he was qualified for the AIT position, he cannot prevail on his retaliation claim.

### CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation of the United States Magistrate in full. Defendant's motion to dismiss is granted.

IT IS SO ORDERED.

---

[1]. Although it is not necessary to the Court's decision, the Court notes that the pleadings Plaintiff has filed in this matter are replete with misspellings and grammatical errors.