**Vernon Ellis THORNTON,**
**Plaintiff-Appellant,**

v.

**Robert D. JENNINGS,**
**Defendant-Appellee.**

No. 86–3789.

United States Court of Appeals,
Sixth Circuit.

Submitted April 28, 1987.
Decided May 28, 1987.

Vernon E. Thornton, pro se.

Brian E. Hurley, Asst. Pros. Atty., James W. Gustin, Cincinnati, Ohio, for defendant-appellee.

Before LIVELY, Chief Judge; ENGEL and BOGGS, Circuit Judges.

PER CURIAM.

This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).

The plaintiff is a prisoner at the Chillicothe Correctional Center in Ohio. On March 14, 1985, he filed a 42 U.S.C. § 1983 civil rights action against the Clerk of the Hamilton County Common Pleas Court. The complaint and supplement filed in that action alleged that the clerk failed to file, filed late or altered 53 motions, pleading or letters sent to him by the plaintiff. The 53 documents involved relate to the plaintiff's earlier conviction in Ohio for murder and aggravated assault. In his complaint, the plaintiff concluded that he had been denied access to the courts by the actions of the defendant.

In response to these allegations, the defendant clerk moved for summary judgment. Included with this motion as exhibits were copies of the various documents filed and docket sheets showing the exact dates of filing. A memorandum in opposition to the motion was filed by the plaintiff, after which a report and recommendation was entered by the Magistrate. The magistrate in that report recommended that the defendant's motion for summary judgment be granted and that the plaintiff's motion for appointment of counsel be denied. This recommendation was subsequently adopted by the district court in an order designating the Magistrate as a "Special Master" and applying a "clearly erroneous" standard of review.

Based on the district court's improper application of the clearly erroneous standard, we vacate and remand the judgment of the district court for *de novo* review of the Magistrate's report.

 In the absence of the parties' consent, a magistrate may be designated to serve as a special master only upon a showing of exceptional conditions. *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir.1985). No finding of such circumstances appears in the July 31, 1986 order of the district court. Nor does the record contain an agreement of the parties that the magistrate sit as a special master. Accordingly, 28 U.S.C. § 636(b)(1) and Article III of the Constitution require that the district court make a *de novo* review of the magistrate's report and recommendations. *United States v. Shami*, 754 F.2d 670, 672 (6th Cir.1985). Examination of the July 31, 1986 order reveals that no such review was made in this case.

Accordingly, the judgment of the district court as entered on July 31, 1986, is vacated and this case is hereby remanded for *de novo* review. Rule 9(b), Rules of the Sixth Circuit.