838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Khalil Saalim Abdul JABBAAR, Plaintiff-Appellant,
v.
Donal CAMPBELL, et al., Defendants-Appellees.
 No. 87-5033.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1988.
 
 1
 Before KEITH, Circuit Judge, JOHN W. PECK, Senior Circuit Judge, and DOWD, District Judge.*
 
 ORDER
 
 2
 The defendants move the court to reconsider its order of August 10, 1987, affirming in part and vacating in part the district court's judgment dismissing plaintiff's prisoner civil rights suit filed under 42 U.S.C. Sec. 1983.
 
 
 3
 Upon review, we conclude that the motion should be granted. The district court's judgment, however, must still be vacated and this case remanded for further consideration.
 
 
 4
 The defendants state in their motion that our summary judgment review would have been proper if the magistrate had only considered the documentary evidence submitted to the district court. The magistrate, however, also conducted a hearing on the matter on August 18, 1986, as is authorized under 28 U.S.C. Sec. 636(b)(1)(C). The significance of this fact was overlooked by us in the prior order, and is likewise overlooked by the defendants. Such findings made pursuant to a hearing are subject to de novo review by the district court. 28 U.S.C. Sec. 636(b)(1). Although the district court reviewed the documentary evidence, a review of its order reveals no reference was made to the transcript of the hearing conducted by the magistrate on August 18, 1986. A review of the district court's docket sheet likewise does not reveal that any transcript was even made of this hearing. Without the transcript, the district court could not have rendered a de novo review required of it under 28 U.S.C. Sec. 636(b)(1). Hill v. Duriron Co., Inc., 656 F.2d 1208, 1215 (6th Cir.1981). The district court's judgment must therefore be vacated and this case remanded for a de novo review of the magistrate's report and recommendation dated August 28, 1986, inclusive of those portions of the transcript of the magistrate's hearing pertinent to the plaintiff's objections. See Thornton v. Jennings, 819 F.2d 153 (6th Cir.1987); Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir.1985), cert. denied, 107 S.Ct. 116 (1986); United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985).
 
 
 5
 Such a remand will also afford the parties and the district court an opportunity to review the applicability of this court's recent decision rendered in Walje v. City of Winchester, No. 86-5791 (6th Cir. September 2, 1987), wherein the court discussed the availability of general damages for redress of first amendment violations for which it is difficult to prove any injury. This case is noted, however, without any comment on whether the plaintiff should be entitled to receive monetary damages in this case. On remand, the district court should also address plaintiff's claim of being limited to two hours of yard time a week which allegedly constituted cruel and unusual punishment.
 
 
 6
 For these reasons, the defendants' motion to reconsider is hereby granted and this court's order of August 10, 1987, is hereby vacated. The district court's judgment, however, is hereby vacated and this case is remanded for further consideration consistent with the foregoing opinion. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, U.S. District Judge for the Northern District of Ohio, sitting by designation