875 F.2d 861
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Khalil-Ullah AL-MUHAYMIN, Plaintiff-Appellant,
v.
Larry LACK; Sayers, Chaplain; Hampton, Officer; Vance,
CPL; Marshall McNeil; Stephen Norris;
Richardson, Officer; J.R. Miedahoff;
Misch, Officer, Defendants-Appellees.
 No. 88-6284.
 United States Court of Appeals, Sixth Circuit.
 May 26, 1989.
 
 1
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and BENJAMIN F. GIBSON, District Judge.*
 
 ORDER
 
 2
 Al-Muhaymin appeals pro se the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The action has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the certified record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Al-Muhaymin sought declaratory, injunctive and monetary relief for violations of his constitutional rights to access to the courts and to freely practice his Muslim religion. The district court dismissed Al-Muhaymin's claims for injunctive and declaratory relief and referred the damage claims to the magistrate. Based on an evidentiary hearing, the magistrate recommended that the action be dismissed. In a handwritten notation order, the district court noted it considered Al-Muhaymin's objections, and adopted the magistrate's report thereby dismissing the action.
 
 
 4
 Upon consideration we vacate the district court's judgment and remand this matter for further consideration. We are troubled by the fact that the district court did not note that its review of the magistrate's report was made "de novo" in light of plaintiff's objections. In addition, because the magistrate relied on evidence admitted at a hearing conducted before him, a de novo review must include review of the transcript of that hearing. See Hill v. Duriron Co. Inc., 656 F.2d 1208, 1214-15 (6th Cir.1981). Because de novo review is constitutionally mandated, we cannot consider the failure to render a de novo review as harmless error. See Flournoy v. Marshall, 842 F.2d 875, 878-79 (6th Cir.1988); Thornton v. Jennings, 819 F.2d 153, 154 (6th Cir.1987) (per curiam).
 
 
 5
 Accordingly, the district court's judgment is vacated and the cause is hereby remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, U.S. District Judge for the Western District of Michigan, sitting by designation