959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Wilbur MEADOWS, III, Petitioner-Appellant,
v.
Terry PITCHER, Warden, Standish Maximum Correctional
Facility, Respondent-Appellee.
 No. 91-1913.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1992.
 
 Before KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles Meadows, a Michigan prisoner represented by counsel, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Meadows was convicted of first degree murder and assault with intent to commit murder for which he was sentenced to a mandatory nonparolable term of life in prison and a concurrent life sentence on the assault with intent to murder charge. On appeal, the Michigan Court of Appeals found insufficient evidence to support a first degree murder conviction and reduced that conviction to second degree murder. His conviction on the assault with intent to murder charge was affirmed.
 
 
 3
 The case was returned to the trial court for resentencing on the second degree murder conviction for which he received a parolable term of life imprisonment. Meadows filed a delayed motion for resentencing which was denied by the trial court. This decision was affirmed by the Michigan Court of Appeals and by the Michigan Supreme Court.
 
 
 4
 He then filed two separate petitions for a writ of habeas corpus in the district court which denied his petitions on both occasions due to his failure to exhaust his state court remedies. In 1989, he filed a delayed motion for resentencing in the trial court which was denied. The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal.
 
 
 5
 Meadows filed his third habeas petition raising the same four grounds for relief which he previously raised in his 1989 delayed motion for resentencing in the trial court. He alleged that he was denied his right to allocution on the assault with intent to murder charge. He alleged that the life sentences on both convictions were imposed based on: (1) three constitutionally infirm juvenile felony convictions; (2) a constitutionally invalid felony conviction for first-degree murder; and (3) inaccurate presentence investigation reports. A magistrate judge recommended denying his petition. Upon review, in light of Meadows's objections, the district court adopted the report and recommendation of a magistrate judge and dismissed his petition in an order filed July 24, 1991.
 
 
 6
 On appeal, Meadows continues to argue the merits of his claims. He also argues that the district court failed to conduct a de novo review of the magistrate judge's report and recommendation. Both parties have filed briefs.
 
 
 7
 Upon review, we conclude that the district court conducted a de novo review of the report and recommendation of the magistrate judge in light of objections filed by Meadows, see Thornton v. Jennings, 819 F.2d 153, 154 (6th Cir.1987) (per curiam), and that it properly dismissed Meadows's claims, other than the infirm juvenile convictions claim, for the reasons set forth in the report and recommendation of the magistrate judge, as adopted by the district court in its order filed July 24, 1991.
 
 
 8
 As for the infirm juvenile convictions claim, we conclude that Meadows does not presently have available to him a remedy to pursue in the Michigan state courts as he cannot show cause and prejudice to excuse his failure to raise this claim in his July 1981 motion for resentencing and to excuse his abandoning this claim in May 1989 at the hearing on his second motion for resentencing. See MCR 6.508D(3) (West 1991). Because no remedy is available for him to pursue relief on this claim in the state courts, the claim was not subject to dismissal for lack of exhaustion. Riggins v. McMackin, 835 F.2d 790, 793 (6th Cir.1991). Nonetheless, we affirm the dismissal of this claim because Meadows has not shown cause and prejudice to excuse his failure to present this claim to the state courts, see id., and because the claim is clearly without merit.
 
 
 9
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.