966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juan Miguel Gonzalez CASTELLANOS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5218.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1992.
 
 Before MERRITT, Chief Judge, and KEITH and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Juan Castellanos requests counsel in his appellant brief, and appeals the district court's judgment denying his 28 U.S.C. § 2255 motion to vacate sentence. Castellanos, along with three co-defendants, was charged in an eight-count indictment. Castellanos was convicted on all counts by a jury, and sentenced to a total of 40 years imprisonment. Specifically, he was convicted of conspiring to distribute and to possess with intent to distribute 16 kilograms of cocaine in violation of 21 U.S.C. § 846; possessing with intent to distribute 16 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1); conspiring to kidnap co-defendant Gibson in violation of 18 U.S.C. § 1201(c); transporting co-defendant Ivy in interstate commerce after he had been kidnapped, in violation of 18 U.S.C. § 1201(a)(1); carrying a firearm during the crime charged in count 4 in violation of 18 U.S.C. § 924(c)(1); carrying a firearm during the crime charged in Count 3 in violation of 18 U.S.C. § (c)(1); carrying a different firearm during the crime charged in Count 3 in violation of 18 U.S.C. § 924(c)(1) and assaulting federal officers in violation of 18 U.S.C. § 111. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Castellanos claimed that he was denied effective assistance of counsel, that the Government illegally obtained evidence against him by illegally intercepting certain wire or oral communications, and that such evidence should have been inadmissible. After reviewing the magistrate judge's report and recommendation, the district court denied the motion to vacate as meritless. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Hoffa, 437 F.2d 11, 14 (6th Cir.), cert. denied, 402 U.S. 988 (1971).
 
 
 3
 On appeal, Castellanos argues that the district court improperly failed to consider his motion for summary judgment and that the respondent did not file its response in time.
 
 
 4
 As an initial matter, although the district court's order states that the court could not find Castellanos' motion for summary judgment, the court states that it did consider his objections to the magistrate judge's report and recommendation. The court then proceeded to give de novo review to both of the claims raised in his § 2255 motion. See Fed.R.Div.P. 72(b); Thornton v. Jennings, 819 F.2d 153, 154 (6th Cir.1987) (per curiam). Thus, the district court acted correctly. Moreover, the district court correctly considered the response as the clerk's office had filed the document.
 
 
 5
 Upon further consideration, we conclude that the district court correctly denied the motion. Accordingly, for the reasons stated in the district court's order entered January 22, 1992, the district court's order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The motion for counsel is denied.