966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul D. MCKINNEY, a/k/a Isiaha D. Scott, Petitioner-Appellant,
v.
Norris W. MCMACKIN, Respondent-Appellee.
 No. 91-3697.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief of the petitioner-appellant and notice from the respondent-appellee that he will not be filing a brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Paul D. McKinney, a pro se prisoner, appeals the dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Pursuant to a plea agreement, McKinney pleaded guilty to robbery and escape. He was sentenced to 2-15 years imprisonment on the robbery charge with a consecutive six month sentence on the escape charge. Shortly after sentencing, the trial court vacated the original sentence on the robbery charge and resentenced McKinney to 3-15 years imprisonment based upon the fact that the robbery statute had been revised to mandate a minimum three year term. McKinney did not pursue a direct appeal of the conviction, but he did file a motion for post-conviction relief which the trial court denied. The Ohio Court of Appeals affirmed that judgment and the Ohio Supreme Court denied discretionary review.
 
 
 3
 Petitioner filed his habeas corpus petition arguing that his guilty plea was involuntary because it was induced by a plea negotiation for a specific sentence of 2-15 years imprisonment which was later revoked by the trial court after acceptance of his guilty plea, that he was denied effective assistance of counsel and that he was denied the right of an appeal. The magistrate judge entered an order recommending that the case be held in abeyance for ten weeks in order to give McKinney the opportunity to exhaust his state remedies by pursuing a delayed direct appeal in the Ohio courts. The district court by order filed January 22, 1991, adopted the magistrate judge's report and recommendation and held the case in abeyance. The magistrate judge filed another report and recommendation on April 17, 1991, recommending that the habeas corpus case be dismissed because petitioner failed to seek exhaustion of state court remedies. After consideration of the objections by the petitioner and de novo review, the district court adopted the magistrate judge's report, dismissed the action and denied a certificate of probable cause. This court subsequently granted a certificate of probable cause.
 
 
 4
 Plaintiff, on appeal, argues that the guilty plea was not knowingly and voluntarily made and was unlawfully induced, that he was denied effective assistance of counsel and that he was denied the right of appeal.
 
 
 5
 Any report and recommendation that is dispositive of an action is subject to de novo review by the district court in light of specific objections filed by a party. See Fed.R.Civ.P. 72(b); Thornton v. Jennings, 819 F.2d 153, 154 (6th Cir.1987) (per curiam). The petitioner filed objections to the magistrate judge's April 17, 1991, report and recommendation and the district court made a de novo review before entering its July 1, 1991, opinion and judgment adopting the magistrate judge's recommendation.
 
 
 6
 As previously stated, petitioner failed to file a direct appeal from his conviction but did present all the issues raised in the habeas corpus petition in a post-conviction proceeding before the state courts. Although all claims were raised in the state courts, petitioner did not fairly present the claims to the state courts. See Picard v. Connor, 404 U.S. 270, 275 (1971). The Ohio Court of Appeals in its decision on the motion for post-conviction relief stated that in order to "consider fully the nature of appellant's assignments of error it is necessary to examine the trial transcript" but that the "post-conviction proceedings are civil in nature" and that there is no provision for furnishing transcripts at public expense in such cases. Therefore, without a direct appeal of the conviction, a transcript at public expense was not available and the state courts could not fully consider the assignments of error.
 
 
 7
 Rule 5(a), Ohio Rules of Appellate Procedure, provides for delayed direct criminal appeals. Petitioner has failed to seek a delayed appeal even though the district court held the case in abeyance to allow petitioner to seek a delayed direct criminal appeal. Because the petitioner did not seek a delayed appeal, the district court properly dismissed the case for failure to exhaust state remedies.
 
 
 8
 Accordingly, it is ORDERED that the judgment of the district court be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.