19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis WOODS, Petitioner-Appellant,
v.
Terry MORRIS, Respondent-Appellee.
 No. 93-3513.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1994.
 
 1
 Before: KENNEDY and GUY, Circuit Judges; and FEIKENS, Senior U.S. District Judge.*
 
 ORDER
 
 2
 Dennis Woods, an Ohio prisoner represented by counsel, appeals a district court judgment dismissing his habeas petition filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Woods has not requested oral argument and, therefore, is deemed to have waived oral argument pursuant to Sixth Circuit Rule 9(d). The respondent has expressly waived oral argument.
 
 
 3
 In 1985, a jury convicted Woods of escape, carrying a concealed weapon, and having a weapon while under a disability. He received a sentence of three to ten years of imprisonment. After exhausting his available state court remedies, Woods filed his habeas petition contending that: (1) he was denied representation by the counsel of his choice; (2) his conviction was based on hearsay testimony; (3) the cross-examination of defense witnesses was improper; (4) he was required to disprove the legal basis of custody regarding his escape; (5) the jury instructions on escape were inadequate; (6) the indictment did not adequately describe the charge of carrying a concealed weapon; and (7) he should not have received an indefinite sentence for having a firearm while under a disability.
 
 
 4
 In his appeal, this court noted that Woods had waived review of all his issues except his counsel of choice claim; and as for this claim, the court remanded the case to the district court directing that an evidentiary hearing be conducted as to the reasonableness of the trial court's denial of Woods's request to substitute retained counsel for his appointed counsel. Woods v. Morris, No. 91-4082, 1992 U.S.App. LEXIS 12065, * 2-5 (6th Cir. May 18, 1992).
 
 
 5
 On remand, a hearing was held before a magistrate judge who subsequently recommended that the petition be dismissed. Upon review, the district court adopted the report and dismissed the petition as without merit. On appeal, Woods argues that the district court erred by reviewing his objections to the magistrate judge's report without having the transcript of the evidentiary hearing available and by concluding that he was not denied his constitutional right to the counsel of his choice.
 
 
 6
 Upon review, we conclude that the district court did conduct an adequate de novo review of the magistrate judge's report. Flournoy v. Marshall, 842 F.2d 875, 877-79 (6th Cir.1988); Thornton v. Jennings, 819 F.2d 153, 154 (6th Cir.1987) (per curiam).
 
 
 7
 Woods's factual challenges concern the conclusions of the state court and not the findings of the magistrate judge. Furthermore, Woods's attorney did not even request a transcript of the magistrate judge's hearing before filing his objections to the magistrate judge's report. Under the circumstances of this case, we conclude that Judge Matia conducted a proper de novo review of the magistrate judge's report.
 
 
 8
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation