37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Geraldine Wray POWELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5441.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 1
 Before: RYAN and SILER, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 Geraldine Wray Powell, a pro se federal prisoner, appeals a district court order denying her motion to dismiss restitution, construed as a motion to vacate sentence under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Powell pleaded guilty on October 16, 1990, to a superseding information charging tax evasion (counts 1-5), money laundering (count 6), and embezzlement of federally-insured credit union funds (count 7). The district court sentenced her on December 17, 1990, to a total of 97 months' imprisonment, followed by three years of supervised release. In addition, the court ordered restitution in the amount of $5,707,779.34 and imposed a $350 special assessment. Powell's untimely appeal was dismissed for lack of jurisdiction. United States v. Powell, No. 91-6049 (6th Cir. Nov. 7, 1991).
 
 
 4
 In August 1993, Powell filed with the district court a pleading entitled "Motion to Dismiss Restitution," ostensibly brought under 28 U.S.C. Sec. 2241. In her motion, Powell argued that the district court's order of restitution should be vacated because she had agreed to a figure of only $1.9 million and the credit union's $3 million insurance bond should have offset this loss figure to reduce the amount of restitution to zero. In addition, because her 97-month prison term was based upon the erroneous loss figure in the presentence investigation report, her prison sentence should be reduced to time served. A magistrate judge construed Powell's motion as a motion to vacate pursuant to 28 U.S.C. Sec. 2255 and recommended that it be denied in a report filed on January 28, 1994. Powell filed timely objections, but the district court overruled her objections, adopted the magistrate judge's findings of fact and conclusions of law, and denied the motion in an order entered on March 1, 1994. Powell's motion for reconsideration was denied on March 23, 1994.
 
 
 5
 On appeal, Powell argues that: (1) the district court erred in not considering her ability to pay restitution, pursuant to 18 U.S.C. Sec. 3664(a); (2) the amount of restitution was incorrect; and (3) the district court did not follow the provisions of the sentencing guidelines relating to restitution.
 
 
 6
 Upon review, we vacate the district court's order because the court expressly reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review instead of the required de novo standard.
 
 
 7
 Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party. 28 U.S.C. Sec. 636(b)(1); Fed.R.Civ.P. 72(b); United States Fidelity and Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1088 (6th Cir.1992); Thornton v. Jennings, 819 F.2d 153, 154 (6th Cir.1987). Failure to give the report and recommendation a de novo review has not been subject to a harmless-error analysis by the Sixth Circuit; it is constitutionally and jurisdictionally mandated under Article III of the Constitution. See Flournoy v. Marshall, 842 F.2d 875, 878-79 (6th Cir.1988). In this case, the district court expressly stated that the magistrate judge's report was not clearly erroneous.
 
 
 8
 Accordingly, we vacate the district court's order and remand the case so that the district court may apply the proper standard of review to the magistrate judge's report and recommendation regarding Powell's motion. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation